E-FILED
Monday, 27 February, 2023  12:03:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LONNIE PAYNO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-1278 |
| | ) | |
| PHILIPS RESPIRONICS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMARY JUDGMENT ORDER

Plaintiff, proceeding pro se and presently incarcerated at Sheridan Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment conditions-of-confinement claim arising from his detention at Peoria County Jail. The matter comes before this Court for ruling on Defendants' Motions for Summary Judgment on the issue of exhaustion of administrative remedies and Plaintiff's Motion to Request Counsel. (Docs. 21, 28).

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

The Court's Merit Review Order #2 found that Plaintiff stated a Fourteenth Amendment conditions-of-confinement claim against Defendant Asbell based upon his allegations that conditions at the Peoria County Jail ("jail") were unsanitary and unreasonably cold and that jail officials served cold food. (Doc. 16). Defendant asserts that Plaintiff failed to exhaust all available administrative remedies prior to filing suit.

Failure to exhaust is an affirmative defense, and, therefore, defendants bear the burden of showing that a prisoner failed to exhaust all available remedies. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). The Prison Litigation Reform Act (PLRA) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2013). The PLRA does not define the process a prisoner must utilize; rather, "state law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA." *Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018).

The PLRA requires only that detainees exhaust available remedies. *See Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An inmate…must exhaust available remedies, but need not exhaust unavailable ones."). A formal grievance process is unavailable when the process: (1) "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) is "so opaque that it becomes, practically speaking, incapable of use;" and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

The Peoria County Jail outlines the grievance process in the Inmate Handbook:

**<u>INMATE COMPLAINTS</u>**

    A. Complaint limitations – Complaints are only valid if they allege that services are substandard or that a rule, regulation, or officers' conduct is improper.

    B. Filing of a Complaint – All complaints must be submitted on the kiosk in the grievance section within five days of the alleged incident.

    C. Response to Complaints – All complaints will be answered by the designated staff member.

    D. Appeals – An inmate not satisfied with the response to a complaint may, by submitting a kiosk grievance, ask that the answer be reviewed by the Correctional Superintendent or his designee within five days of the response. If still not satisfied with the response to a complaint after being reviewed by the Correctional Superintendent or his designee the inmate shall forward his or her complaint to the Illinois Office of jail and Detention Standards.

(Doc. 29-2 at 10).

The record discloses at least 15 grievances Plaintiff filed concerning the conditions at issue in this lawsuit. For grievances concerning food, the responding jail official indicated that the grievance was forwarded to the kitchen. (Doc. 29-3 at 20, 58). For grievances concerning the unsanitary conditions or the lack of heat and hot water, jail officials told Plaintiff that his "pod officer can submit a work order." *Id.* at 41, 75-76, 87, 90, 96, 103. If Plaintiff indicated that he had already spoken with the pod officer, jail officials told Plaintiff that the grievance process could not be used for maintenance issues or that he should speak with the pod officer again. *Id.* at 79 ("Maintenance issues cannot be accepted as grievances."); *id.* at 41 ("This channel is reserved for grievances. Your pod officer can submit a work order."). On at least four occasions, the jail official responded "Closed" without further explanation. *Id.* at 77, 84, 88-89. Plaintiff did not appeal any grievance he filed while detained at the jail.

The jail grievance rules require an appeal only if "[a]n inmate not satisfied with the response to a complaint." (Doc. 29-2 at 10). Plaintiff complained twice during his detention about the food at the jail, and each time officials responded that his complaint had been forwarded to the kitchen. Viewed in the light most favorable to Plaintiff, the record does not disclose that Plaintiff was dissatisfied with this response to the point that the rules required further action. *See Thornton v. Snyder*, 428 F.3d 690, 695 (7th Cir. 2005) (inmate not required to appeal grievance response once officials resolved the grievance in his favor).

For the remainder of Plaintiff's grievances, jail officials told Plaintiff to speak with other jail officials, and, once he did so, told him that the grievance process was not an appropriate avenue to resolve these complaints. If true, Plaintiff had no obligation under the PLRA to exhaust these issues prior to filing suit. *Miles v. Anton*, 42 F.4th 777, 782 (7th Cir. 2022) (prisoner not required to exhaust administrative remedies because the prison's policy did not require it for the issues he raised). If the jail official misrepresented the scope of the grievance process, the process became unavailable. *Davis*, 881 F.3d at 986 ("Administrative remedies may be effectively unavailable if prison officials 'erroneously inform an inmate that the remedy does not exist or inaccurately describe the steps he needs to take to pursue it.'" (internal quotations omitted)). Defendant's motion is denied.

### PLAINTIFF'S MOTION TO REQUEST COUNSEL (DOC. 21)

28 U.S.C. § 1915 permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The provision does not grant an indigent plaintiff a statutory or constitutional right to counsel in these types of cases, nor does it grant the Court the authority to require an unwilling attorney to represent either party. *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). If the case so warrants, a court can only ask a lawyer to volunteer his

or her time. *Id.* The number of attorneys in this district willing to do so is substantially fewer than the number of pro se plaintiffs asking for pro bono counsel.

In considering the Plaintiff's motion, the court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff previously satisfied the first prong.

The second prong requires the Court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842, 844 (7th Cir. 2020). This assessment extends beyond the trial stage of proceedings to include "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his own case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). A district court may also consider the relative strength or weakness of a plaintiff's claims. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022).

Plaintiff's unsubstantiated statements that he attempted to obtain counsel on his own are not sufficient to support a finding that he satisfied the first prong. *Tackett v. Jess*, 853 F. App'x 11, 16 (7th Cir. 2021). A plaintiff usually satisfies this prong by presenting some form of objective evidence (copies of letters, mail log, etc) showing that he contacted attorneys for purposes of representing him in this case.

Plaintiff has personal knowledge of the facts, his pleadings and grievances demonstrate an adequate ability to convey those facts to the Court, he adequately presented his defense to

Defendant's motion for summary judgment, and this case does not appear overly complex or to require expert testimony at this time. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

    1)  **Defendant's Motion for Summary Judgment [28] is DENIED.**

    2)  **Plaintiff's Motion to Recruit Counsel [21] is DENIED with leave to renew.**

Entered this 27th day of February, 2023.

*s/Sara Darrow*
_____
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
